UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ANDERSON, et al., | ) | CASE NO. 1:10CV2111 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| UNITED FINANCIAL SYSTEMS | ) | |
| CORPORATION, | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #21) of Plaintiffs,

James Anderson and Sharon Anderson, for Class Certification.  For the following reasons,

class certification is denied.

## I. BACKGROUND

This action, removed from Cuyahoga County Common Pleas Court on September 21,

2010, arises from the conduct of Defendant, United Financial Systems Corporation ("UFSC"),

that the Supreme Court of Ohio determined is the unauthorized practice of law.  *OSBA v.*

*United Fin. Sys. Corp.*, 124 Ohio St.3d 301 (2010).  Plaintiffs responded favorably to a

mailing from UFSC, entitled: "2006 Information Update: Avoiding Probate & Estate Taxes."

An in-home meeting with UFSC representative, Timothy Sullivan, occurred on November 30, 2006.  Mr. Sullivan described UFSC's estate planning assistance services and the flat fees that ranged from $695.00 to $2,495.00.  Plaintiffs executed an Agreement with UFSC for financial and estate planning services, and paid $2,495.00.  A "Panel Attorney" later met with Plaintiffs and drew up the necessary documents.  On February 27, 2007, non-attorney agents of UFSC presented the documents for signature; and aggressively attempted to convince Plaintiffs to invest in Defendant's financial and insurance products.  Plaintiffs declined.

On February 22, 2010, Plaintiffs received a notice from UFSC, pursuant to an order of the Supreme Court of Ohio.  Plaintiffs were advised to have their estate-planning documents reviewed by an attorney of their own choosing, not affiliated with nor paid by UFSC.

On September 21, 2010, Plaintiffs filed their multi-count Class Action Complaint, alleging the following claims: Count I - Violation of R.C. 4705.07 (unauthorized practice of law); Count II - Rescission of Void Contract; Count III - Breach of Contract; Count IV - Unjust Enrichment; Count V - Fraudulent Inducement; Count VI - Fraud; Count VII - Breach of Fiduciary Duty; Count VIII - Negligent Misrepresentation; Count IX - Violations of Ohio's Consumer Sales Practices Act (R.C. 1345.01, *et seq.*).

In a Motion for Judgment on the Pleadings (ECF DKT #6), UFSC moved for dismissal of all claims but Count I.  Plaintiffs conceded that their rescission, unjust enrichment, fraud, fraudulent inducement, breach of fiduciary duty, and negligent misrepresentation claims fail. Following the Court's analysis, the Motion was granted in part and denied in part, leaving only Count I (unauthorized practice of law); Count III (breach of contract obligation to engage an *independent* attorney); and the individual claims in Count IX (violations of Ohio

Consumer Sales Practices Act) pending for further proceedings.  (ECF DKT #15).

Plaintiffs now move for certification, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), of

the putative class on their claims for breach of contract and the unauthorized practice of law

as proscribed by R.C. § 4705.07.  Plaintiffs argue that class certification is appropriate since

UFSC's business model was uniformly applied to each of the over 2,000 Ohio customers who

purchased estate plans from UFSC.  UFSC counters that the class definition is overbroad;

common questions do not predominate; and proceeding on a class-wide basis is not the

superior method of adjudication.

## II. LAW AND ANALYSIS

### Rule 23 of the Federal Rules of Civil Procedure

Fed.R.Civ.P. 23 governs class action lawsuits.  A court may certify a class action if all

of the Rule 23(a) procedural requirements are met, and if at least one of the subsections of

Rule 23(b) is satisfied.  The party seeking certification bears the burden of proof.  *In re Am.*

*Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  District courts possess broad discretion

in this matter, but must conduct a "rigorous analysis" into whether the prerequisites of Rule

23 have been met.  *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (*en*

*banc*); *Reeb v Ohio Dept. of Rehabilitation and Correction*, 81 Fed.Appx. 550, 555 (6th Cir.

2003).

In conducting its analysis, the court does not evaluate the merits of the class

representative's underlying claims and should accept the allegations in the complaint as true.

A court may, however, look beyond the pleadings to determine what type of evidence will be

presented by the parties.  *Am. Med. Sys.*, 75 F.3d at 1079.

Rule 23(a) sets forth four prerequisites to class certification: (1) the class must be so numerous that "joinder of all members is impracticable;" (2) there must be "questions of law or fact common to the class;" (3) the claims of the representative parties are "typical" of those of the class; and (4) the representative parties must "fairly and adequately protect the interests of the class."  Rule 23(b)(3) has two components: (1) predominance; and (2) superiority.

## Class Definition

"[C]ourts must be vigilant to ensure that a certified class is properly constituted." *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). Plaintiffs seeking certification are obligated to "propose an identifiable, unambiguous class in which they are members." *Tedrow v. Cowles*, No. 2:06-cv-637, 2007 WL 2688276, at *5 (S.D. Ohio Sept. 12, 2007).  "A properly defined class includes only members who would have standing to bring suit in their own right." *Pilgrim v. Universal Health Card*, No. 5:09CV879, 2010 WL 1254849, at *2 (N.D. Ohio Mar. 25, 2010) (quoting *Chaz Concrete Co., LLC v. Codell*, No. 3:03-52-KKC, 2006 WL 2453302, at *6 (E.D. Ky. Aug. 23, 2006)); *Kister v. Ohio Board of Regents*, 365 F.Supp. 27 (D.C. Ohio 1973), *aff'd without opinion*, 414 U.S. 1117 (1974).  As a corollary to the standing principle, individuals with time-barred claims may not pursue relief as part of a class action, when they would lack the right to sue on their own behalf.

Plaintiffs propose the following class definition:

UFSC Ohio customers, who since August 1995, purchased "estate plan" services or documents from UFSC and with whom UFSC (1) breached its contract in failing to retain an independent attorney and (2) engaged in the unauthorized practice of law by preparing, marketing and selling estate planning documents thereby triggering a civil action for recovery of damages under R.C. 4705.07(C)(2)(a)-(d).

-4-

The Court agrees with UFSC that the proposed class is insufficiently defined, overbroad, and therefore, problematic.

In their Breach of Contract claim, Plaintiffs allege that UFSC breached its obligation to engage an *independent* attorney; and that Plaintiffs have been damaged due to the alleged breach, by having incurred costs to hire an attorney, of their own choosing, to analyze and possibly revise the UFSC estate plan.  (ECF DKT #1-2 at ¶ 95).  The independence of the attorney provided by UFSC to its customers is a disputed factual issue.  Moreover, it is unknown how many customers availed themselves of the option in the UFSC Agreement at ¶ 7 to choose their own attorney to prepare and/or review the estate documents.  Thus, the members of the breach of contract class are not presently ascertainable; and it is not administratively feasible for the Court to determine whether or not a particular person is a member of the proposed class.

As for the statutory claim, R.C. § 4705.07 provides in pertinent part:

(C)(2) Any person who is damaged by another person who commits a violation of division (A)(3) of this section may commence a civil action to recover actual damages from the person who commits the violation, upon a finding by the supreme court that the other person has committed an act that is prohibited by the supreme court as being the unauthorized practice of law in violation of that division.

It is undisputed that UFSC was determined, in 2010, to have engaged in the unauthorized practice of law.  *OSBA v. United Fin. Sys. Corp., supra.*  Nevertheless, the Ohio Supreme Court has held, that prior to 2004, there was no common-law private cause of action for the unauthorized practice of law.  *Greenspan v. Third Federal Savings & Loan Association*, 122 Ohio St.3d 455 (2009).

> R.C. Chapter 4705 prohibited nonattorneys from rendering legal services, but did not provide a civil remedy for violation of the statute.  On September 15, 2004, the legislature amended R.C. 4705.07.  R.C. 4705.07(C)(2) now expressly allows civil recovery for actual damages caused by the unauthorized practice of law.  *Id.* at 458.

Consequently, Plaintiffs class definition is overbroad in attempting to include UFSC customers since August of 1995, whose claims are time-barred.  While overbreadth of the proposed class may not be fatal, "when coupled with failure to meet the remaining requirements," as will shortly become clear, class certification must be denied.  See *Pilgrim Universal Health Card*, 2010 WL 1254849, at *2.

## Rule 23(a) procedural requirements

UFSC has raised no challenges to the four Rule 23(a) factors, but the Court will briefly analyze them in accordance with its obligation in considering class certification.

## Numerosity

When UFSC filed its Notice of Removal to federal court, it acknowledged providing estate planning assistance services to approximately 2,316 customers in Ohio from August 1995 to April 30, 2008.  (ECF DKT #1-1, Follett Declaration at ¶ 10).  "While there is no strict numerical test, 'substantial' numbers usually satisfy the numerosity requirement." *Daffin v Ford Motor Co.*, 458 F.3d 549, 554 (6th Cir. 2006) (holding that thousands of claimants satisfies numerosity requirement); *Krieger v. Gast, et al.*, 197 F.R.D. 310, 314 (W.D. Mich. 2000) (class of forty or more is sufficient).

## Commonality

The Sixth Circuit has outlined the necessary analysis to determine commonality:

-6-

> The commonality requirement deals with shared questions of law or fact. Although Rule 23(a)(2) speaks of "questions" in the plural, we have said that there need only be one question common to the class. (Citation omitted). It is not every common question that will suffice, however; at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality. What we are looking for is a common issue the resolution of which will advance the litigation.

*Sprague v. General Motors Corp.,* 133 F.3d 388, 397 (6th Cir. 1998).

The common questions, here, are whether the putative class members suffered actual damages proximately caused by UFSC's estate planning services, declared to be the unauthorized practice of law; and whether UFSC breached its estate planning agreement by failing to provide an "independent" attorney.  These issues are the focus of the litigation; and their resolution "will unquestionably affect a significant number of the proposed class."  See *Sprague, id.*; *Tedrow*, 2007 WL 2688276, at *7.

**Typicality**

> "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct.... A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members."

*Sprague,* 133 F.3d at 399, quoting *Am. Med. Sys.,* 75 F.3d at 1082.

Typicality and commonality are often analyzed together.  The claims of the representative Plaintiffs are typical of the class they seek to represent as they arise from the same pattern and practice.  Plaintiffs allege the exact same causes of action on their behalf as they do on behalf of the proposed class; and the "proofs required for their own claims to prevail are those necessary for the putative class to prevail."  *Tedrow*, 2007 WL 2688276, at *7.

**Adequacy of representation**

The named Plaintiffs must fairly and adequately represent and protect the interests of

the class.  In *Rutherford v. City of Cleveland,* 137 F.3d 905, 909 (6th Cir. 1998), the Sixth

Circuit, quoting the United States Supreme Court in *Amchem Prods., Inc., v. Windsor,* 521

U.S. 591(1997), stated: "The adequacy inquiry under Rule 23(a)(4) serves to uncover

conflicts of interest between named parties and the class they seek to represent. A class

representative must be part of the class and possess the same interest and suffer the same

injury as the class members."  The Sixth Circuit continued: "Accordingly, to satisfy the

adequate representation requirements under Rule 23... there must be an absence of a conflict

of interest, and the presence of common interests and injury."  *Id.*

The Anderson Affidavits (ECF DKT #21-7 & #21-8) demonstrate that Plaintiffs

possess a basic understanding of the claims; that their interests are not antagonistic to the

members of the putative class; and that they pledge to vigorously prosecute the alleged claims

against UFSC.  Furthermore, it is undisputed that Plaintiffs' counsel are experienced, and

have ably investigated this case and have zealously advocated on behalf of Plaintiffs and the

proposed class.

**Rule 23(b)(3) predominance and superiority**

The Anderson Plaintiffs may maintain their proposed class action only if the Rule

23(a) procedural requirements are satisfied, ***and*** Rule 23(b)(3) is met.  Specifically, the Court

must find "that the questions of law or fact common to class members predominate over any

questions affecting only individual members, and that a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy."  Fed.R.Civ.P.

23(b)(3).  As noted previously, the party seeking certification bears the burden of proof; and the predominance/superiority factor is where Plaintiffs fall short.

Rule 23(b)(3) "parallels subdivision (a)(2) [commonality] in that both require that common questions exist, but subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues." *Am. Med. Sys.*, 75 F.3d at 1084. Moreover, Rule 23(b)(3) mandates a finding that the class action is a *superior* – not merely an adequate – available method for adjudicating the controversy.

The parties agree that, as a general proposition, the existence of individualized damages calculations does not preclude class certification.  However, when considering whether the representative Plaintiffs clear the predominance hurdle, the Court must anticipate "how a trial on the merits would be conducted if a class were certified." *Rodney v. Northwest Airlines*, 146 Fed. App'x 783, 786 (6th Cir. 2005).

R.C. § 4705.07(C)(2) provides for the recovery of actual damages from one engaged in the unauthorized practice of law, and directs the Court to consider all of the following:

> (a) The extent to which the fee paid for the services that constitute the unauthorized practice of law in violation of division (A)(3) of this section exceeds the reasonable fees charged by licensed attorneys in the area in which the violation occurred;
> (b) The costs incurred in paying for legal advice to correct any inadequacies in the services that constitute the unauthorized practice of law in violation of division (A)(3) of this section;
> (c) Any other damages proximately caused by the failure of the person performing the services that constitute the unauthorized practice of law to have the license to practice law in this state that is required to perform the services;
> (d) Any reasonable attorney's fees that are incurred in bringing the civil action under division (C)(1) or (2) of this section.

The Court agrees with UFSC that, in a trial of this matter, Plaintiffs will have to show "whether that class member paid more for his or her estate planning services than the cost of

such services by licensed attorneys in the area where the customer was located (requiring an

examination of the exact services each customer received and the price for similar services in

their geographic area), the costs incurred by the class member, if any, in remedying the

inadequate services they obtained, and whether the class member suffered any consequential

damages from the unauthorized practice of law."  (ECF DKT #25 at 13).  The Court will have

to ascertain whether a class member purchased a simple will, a living will, a revocable trust,

or a will and trust package, containing any number of such instruments.  Then, since the

customers reside throughout Ohio, the evidence will have to show what fees are charged by

lawyers in each customer's resident county.  Other inevitable questions include: Did any of

the class members elect to use an attorney of their own choosing as provided in ¶ 7 of the

Agreement?  Which class members chose to take the advice of the Supreme Court of Ohio

and consult an attorney unaffiliated with UFSC to review their estate documents?  Which

class members were satisfied with their estate planning documents, or, on the other hand,

which class members became embroiled in will contests, trust suits, or tax disputes?

In the Court's view, too many individualized issues predominate.

For the breach of contract claim, the term "independent" attorney is vague.  Is the

UFSC panel attorney "non-independent" simply because of that affiliation, even though

bound by the Code of Professionalism he or she swore an oath to abide by?  Not only is the

breach of contract cause of action going to present significant proof issues, but proximate

cause and damages will vary in every instance.

Plaintiffs repeatedly suggest that UFSC's conduct caused "inherent harm."  (ECF

DKT #26-1 at 4, 7, 8, and 14).  However, the Court cannot accept that characterization of

damages. R.C. § 4705.07(C)(2) creates a civil cause of action for recovery of actual damages proximately caused by the unauthorized practice of law.  Plaintiffs' other class action claim sounds in breach of contract, not strict liability.

Plaintiffs also invite the Court to consider rescission damages, and argue that the class members are entitled to recover the amounts paid for the UFSC estate plan produced by UFSC's unauthorized practice of law.  The Court declines that invitation, and concurs with the District Court Judge in *Gawry v. Countrywide Home Loans, Inc*., 640 F.Supp.2d 942 (N.D. Ohio 2009).  Rescission is a "purely personal remedy" and is incompatible with a class action proceeding.  *Id.* at 962-63 (citing *James v. Home Construction Co. of Mobile Inc.*, 621 F.2d 727, 731 (5th Cir. 1980) and *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 424-25 (1st Cir. 2007)).

In addition, Plaintiffs offer the possibility of bifurcating the proceedings.  That is, the Court could opt for certification of the class on liability, and "leave the damages issue to be decided at a later point."  (ECF DKT #26-1 at 16).  Proceeding in this fashion would necessitate two juries, or one jury recessed after the liability finding, and recalled when the parties have their witnesses and evidence on damages prepared.  The Court believes this would defeat the very purposes of economy and efficiency that underlie a class action.

It bears repeating, that the party seeking class certification has the burden of proof on certification.  Even if the Court were to accept all of Plaintiffs' premises, at best, class certification is one means of adjudicating the controversy at bar.  Plaintiffs have failed to establish that class certification "is ***superior*** to other available methods for the fair and efficient adjudication of the controversy."  Fed.R.Civ.P. 23(b)(3).  (emphasis added).

## III. CONCLUSION

For all these reasons, the Motion (ECF DKT #21) of Plaintiffs, James Anderson and

Sharon Anderson, for Class Certification is denied.


**IT IS SO ORDERED.**

**DATE: _March 21, 2012_____**


                                    **S/Christopher A. Boyko**
                                    **CHRISTOPHER A. BOYKO**
                                    **United States District Judge**