UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ANDERSON, et al., | ) | CASE NO. 1:10CV2111 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| UNITED FINANCIAL SYSTEMS | ) | |
| CORPORATION, | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court on Plaintiffs James and Sharon Anderson's Motion (ECF DKT #53) for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on Count I of their Complaint. Plaintiffs' Motion for Partial Summary Judgment is granted.

### I. PROCEDURAL HISTORY

On July 9, 2010, Plaintiffs filed a multi-count Class Action Complaint in Cuyahoga County Common Pleas Court against Defendant United Financial Systems Corporation ("UFSC"), alleging the following claims: Count I - Violation of R.C. 4705.07 (unauthorized

practice of law); Count II - Rescission of Void Contract; Count III - Breach of Contract; Count IV - Unjust Enrichment; Count V - Fraudulent Inducement; Count VI - Fraud; Count VII - Breach of Fiduciary Duty; Count VIII - Negligent Misrepresentation; Count IX - Violations of Ohio's Consumer Sales Practices Act (R.C. 1345.01, *et seq.*).

This action was removed from the Cuyahoga County Common Pleas Court on September 21, 2010.  On October 20, 2010, Defendant filed a Motion for Judgment on the Pleadings, which Plaintiffs opposed.  On January 22, 2011, the Court granted Defendant's Motion, in part, as to Count II, Count IV, Count V, Count VI, Count VII, Count VIII, and the class-action claims in Count IX of Plaintiffs' Complaint.  On March 21, 2012, the Court denied class certification on Plaintiffs' remaining claims in Count I and Count III.  Plaintiffs' individual causes of action in Count I, Count III, and Count IX still remain.

## II.  FACTS

Defendant, an insurance marketing agency with its main office in Indiana, originally contacted Plaintiffs prior to October of 2006 as part of its marketing efforts for the sale of Defendant's estate planning materials. (ECF DKT #53, Jim Anderson Deposition at p. 23:5).

Plaintiffs responded to that initial solicitation, which resulted in a face-to-face meeting with Tim Sullivan, Defendant's Estate Planning Associate ("EPA") on November 30, 2006. (ECF DKT #53, Jim Anderson Deposition at p. 23; 27:19-22).  Mr. Sullivan described UFSC's estate planning assistance services and the flat fees that ranged from $695.00 to $2495.00.  Plaintiffs executed an Agreement with UFSC for financial and estate planning services, and paid $2495.00.  According to the Agreement, Plaintiffs authorized UFSC "to engage an independent attorney to work with the client in regards to the possible preparation

of legal documents."

Ian Humphrey, a "Panel Attorney" that Defendant had assigned to Plaintiffs, later met with Plaintiffs and drew up the necessary documents.  On February 27, 2007, non-attorney agents of UFSC presented the documents for signature and aggressively attempted to convince Plaintiffs to invest in Defendant's financial and insurance products.  Plaintiffs declined.

On February 22, 2010, Plaintiffs received a notice from UFSC, pursuant to an order of the Supreme Court of Ohio.  This notice informed Plaintiffs that the Supreme Court of Ohio ruled that UFSC had "engaged in the unauthorized practice of law by marketing and selling to residents of the state of Ohio living trusts and other estate-planning and transfer documents."  Plaintiffs were advised to have their estate-planning documents reviewed by an attorney of their own choosing, not affiliated with, nor paid by, UFSC.

### III.  LAW AND ANALYSIS

**A.  Summary Judgment Standard**

Summary judgment should be granted when the moving party proves that no genuine issue of material facts exists and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  To survive a motion for summary judgment, a plaintiff may not simply rest upon mere allegations, but instead must demonstrate the existence of evidence or testimony supporting the claims asserted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has the burden of demonstrating through the evidence that the opposing party cannot establish any elements of its claims.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Once the moving party meets the requirement of Rule 56 by either showing that no genuine issue of

material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, which "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. If the non-moving party fails to satisfy its burden, a court is mandated to grant summary judgment. *Celotex*, 477 U.S. 317.

**B. Defendant's Business Activities Constitute the Unauthorized Practice of Law**

Plaintiffs assert that there are no genuine issues of material fact and that reasonable minds can only conclude that they are entitled to judgment as a matter of law as to whether Defendant committed the unauthorized practice of law in violation of R.C. 4705.07. Plaintiffs allege that the Supreme Court of Ohio's determination, in *Ohio State Bar Assn. v. United Fin. Sys. Corp.*, 124 Ohio St.3d 301 (2010), that Defendant engaged in the unauthorized practice of law, is ultimately dispositive on the issue of Defendant's liability under R.C. § 4705.07.

Plaintiffs correctly point out that, under the statute, the Supreme Court of Ohio is the only court that can determine if an entity has committed an act that constitutes the unauthorized practice of law. R.C. § 4705.07(B)(2). Once the Supreme Court has found a violation under the statute, § 4705.07 authorizes a "person damaged by another person who commits a violation" to "commence a civil action to recover actual damages from the person who commits the violation." R.C. § 4705.07(C)(2).

Defendant opposes Plaintiffs' Motion for Partial Summary Judgment by attempting to show that the Plaintiffs failed to present any evidence of actual damages. Regardless of the merits of the Defendant's arguments in their opposition, the arguments themselves fail to

address the very narrow scope of Plaintiffs' Motion for Partial Summary Judgment.  On page two of the Plaintiffs' Motion, the Plaintiffs "assert that there are no genuine issues of material fact and that reasonable minds can only conclude that [Plaintiffs] are entitled to judgment as a matter of law *as to whether Defendant committed the unauthorized practice of law in violation of R.C. 4705.07.* (ECF DKT 53, pg 2)(emphasis added).  As stated by the Plaintiffs, the statute very clearly points out that the Ohio Supreme Court is the only court that can make a determination of unauthorized practice of law under the statute, and that "[t]he court in which the action for damages is commenced is bound by the determination of the supreme court regarding the unauthorized practice of law and shall not make any additional determinations regarding the unauthorized practice of law." R.C. § 4705.07; *See Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455 (2009).  Plaintiffs' Motion for Partial Summary Judgment is granted.

This decision made today does not resolve Plaintiffs' entire civil claim under R.C. § 4705.07.  Plaintiffs are still required to prove that they suffered *actual damages* that were proximately caused by Defendant's unauthorized practice of law, and Defendant will not be foreclosed from rebutting the Plaintiffs' evidence.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

Dated:  October 5, 2012